FILED
United States Court of Appeals
Tenth Circuit

June 1, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

EDGAR ABDON
CORRAL-ARMENDARIZ,

        Petitioner,

v.

LORETTA E. LYNCH,
United States Attorney General,[*]

        Respondent.

No. 14-9590
(Petition for Review)

---

**ORDER AND JUDGMENT[**]**

---

Before **BACHARACH**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

---

Petitioner, a citizen of Mexico, seeks review of an order of the Board of

Immigration Appeals (BIA) upholding a decision of the Immigration Judge (IJ)

pretermitting his application for adjustment of status under 8 U.S.C. § 1255(i).

---

[*]    In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Loretta E. Lynch is substituted for Eric H. Holder, Jr., as the respondent in this action.

[**]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Because petitioner had reentered the U.S. without inspection after previously residing in the country illegally for over a year, the IJ found him inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(I), which in turn rendered him ineligible for adjustment of status under § 1255(i)(2)(A), *see Padilla-Caldera v. Holder*, 637 F.3d 1140, 1148 (10th Cir. 2011). The BIA upheld this determination, rejecting petitioner's objection that the IJ had violated his due process rights by resolving his application without holding an evidentiary hearing. Petitioner renews his due process objection in his petition for review, which we deny for the reasons explained below.

A short summary of the relevant undisputed facts recounted by the IJ will put the BIA's decision in context. Petitioner illegally entered the U.S. in 2000 (or possibly 2001). Four years later, he was found removable but took advantage of an alternative grant of voluntary departure. He illegally reentered the U.S. almost immediately. He was arrested and removed in October 2004 by immigration officers who erroneously invoked the prior alternative removal order as authority because they thought he had never voluntarily departed. He again illegally reentered the U.S in 2008 and later filed a motion to reopen, contending his removal by the immigration officers had been invalid. The motion was granted, venue was changed to Denver, and he filed an application for adjustment of status. At a hearing in August 2011, he testified briefly about his initial entry into and departure from the U.S., and his counsel argued in support of his application for adjustment of status. The matter was continued until April 2012. At that time, without hearing further

evidence (petitioner's counsel was allowed to speak briefly), the IJ issued an oral decision pretermitting the adjustment application due to petitioner's inadmissibility under § 1182(a)(9)(C)(i)(I).

On appeal, petitioner raised only the due process objection alluded to earlier. Noting that the operative facts were both undisputed and sufficient to demonstrate petitioner's statutory ineligibility for adjustment of status, the BIA concluded that petitioner was not prejudiced by the IJ's disposition of his application without hearing additional evidence. We agree.

Petitioner argues that had additional evidence and associated argument been heard, the IJ would have realized that his summary removal by the immigration officers in 2004 for failing to voluntarily depart was improper and thus did not count as a prior removal for purposes of determining his subsequent admissibility. But that is immaterial to his inadmissibility under § 1182(a)(9)(C)(i)(I), which requires only prior illegal presence for more than a year and a subsequent illegal entry.[1] As the IJ explained, the undisputed facts satisfy these conditions. Petitioner further contends that the grant of his motion to reopen revived his initial removal proceedings and "placed [him] back in the same legal position he was at the beginning of [those] proceedings." Aplt. Br. at 16. But that does not erase the critical undisputed facts of illegal presence and illegal reentry that trigger application of § 1182(a)(9)(C)(i)(I).

[1]    Illegal reentry after an alien "has been ordered removed" is a separate basis for inadmissibility (and consequent ineligibility for adjustment of status), specified in § 1182(a)(9)(C)(i)(II). The IJ did not rely on that provision.

Regardless of whether he could have raised some defense to the reinstated 2004 removal charge—a charge he conceded in the 2004 proceedings—after the matter was reopened, he had by that time undeniably resided illegally in the U.S. for over a year and then reentered illegally in 2008.[2]

"To prevail on a due process claim, an alien must establish not only error, but prejudice." *Barrera-Quintero v. Holder*, 699 F.3d 1239, 1249 (10th Cir. 2012) (internal quotation marks omitted). No such showing has been made here.

The petition for review is denied.

Entered for the Court


John C. Porfilio
Circuit Judge

---

[2] We note that the IJ expressly acknowledged both the problem with the 2004 removal by the immigration officers and the grant of the motion to reopen, but correctly denied the application for adjustment of status under § 1182(a)(9)(C)(i)(I) because neither the invalid removal nor the grant of the motion to reopen affected the grounds for invoking that provision.